# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br>  vs.<br>$10,924.00 IN U.S. CURRENCY,<br><br>                              Defendant. | CASE NO. 15cv2021-LAB (JLB)<br><br>**ORDER REQUIRING CLAIMANTS TO FILE RESPONSE TO MOTION FOR DEFAULT JUDGMENT** |

On October 21, the Clerk entered default as to former claimant David Andrew Perez[1] and all other potential claimants. (Docket no. 12.) The government then moved for default judgment against Perez and all other potential claimants. (Docket no. 13.) The hearing date on this motion is currently set for Monday, January 9, 2017 at 11:15 a.m.

Ordinarily an opposition to the motion would be due 14 days before the hearing. *See* Civil Local Rule 7.1(e)(1). And the Ninth Circuit has suggested that district courts should hold hearings even when no there is no opposition has been filed. *See Espy v. Independence Blue Cross*, 613 Fed. Appx. 633, 633–34 (9th Cir. 2015). But federal rules direct the Court to avoid needless expense and delay. Fed. R. Civ. P. 1. Here, that would include the

---

[1] Perez filed a claim, but failed to sign it as required by Fed. R. Civ. P. 11. The Court brought the violation to Perez's counsel's attention and he failed to correct it as ordered by filing a properly signed claim. The Court therefore struck his claim (*see* Docket no. 9), as required by Fed. R. Civ. P. 11(a), and he has no pending claim to the Defendant currency.

expense and delay occasioned by preparing for and holding a hearing on a motion no one intends to oppose.

The Court is empowered to amend the default deadlines that would ordinarily apply. *See* Civil Local Rules 1.1(d) and 7.1(e)(1). The Court therefore **ORDERS** Perez or any other claimant who wishes to oppose the motion to file a written opposition to the motion no later than **December 12, 2016**. If they do not oppose entry of default judgment, they need not file anything, and the Court will construe their non-opposition as consent to the entry of default judgment. If no oppositions are filed, the hearing will be vacated. *See* Civil Local Rule 7.1(d)(1). Potential claimants should therefore not expect to be able to appear at the hearing if they have not filed an opposition.

If no oppositions are timely filed, the Court may deem the motion unopposed and grant the motion on that basis. *See* Civil Local Rule 7.1(f)(3)(c).

**IT IS SO ORDERED**.

DATED: October 26, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge